IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:25-CV-683-RJ

| | |
|---|---|
| CHRISTOPHER TRIM,<br><br>Plaintiff/Claimant,<br><br>v.<br><br>FRANK BISIGNANO,<br>*Commissioner of Social Security*,<br><br>Defendant. | ORDER |

This matter is before the court on the parties' briefs filed pursuant to the Supplemental Rules for Social Security Actions. [DE-14, -17]. Christopher Trim ("Claimant") filed this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the denial of his application for a period of disability and Disability Insurance Benefits ("DIB"). Having carefully reviewed the administrative record and the briefs submitted by the parties, the final decision of the Commissioner is reversed and the matter is remanded for further proceedings.

## I. STATEMENT OF THE CASE

Claimant protectively filed an application for a period of disability and DIB on May 28, 2020, alleging disability beginning November 10, 2015. (R. 10, 182–86). The claim was denied initially and upon reconsideration. (R. 60–96). A telephonic hearing before an Administrative Law Judge ("ALJ") was held on January 25, 2022, at which Claimant, represented by counsel, and a vocational expert ("VE") appeared and testified. (R. 34–59). On April 21, 2022, the ALJ issued a decision denying Claimant's request for benefits, (R. 7–28), and the Appeals Council denied Claimant's request for review, (R. 1–6). Claimant filed a complaint in this court seeking review,

No. 7:22-CV-215-BO, and the court remanded the matter on Defendant's consent motion for further administrative proceedings. (R. 1405–11). On July 28, 2023, the Appeals Council remanded the case to the ALJ for resolution of issues regarding consideration of medical opinion evidence and evaluation of the step five finding because the ALJ did not identify or resolve an apparent conflict between the VE's testimony and the Dictionary of Occupational Titles. (R. 1412–17).

On January 24, 2024, a different ALJ held a second administrative hearing, at which Claimant, represented by counsel, and a VE appeared and testified, (R. 1346–76), and on February 8, 2024, Claimant's request for benefits was again denied, (R. 1316–43). On review, the Appeals Council found no basis for changing the ALJ's decision and did not assume jurisdiction. (R. 1309–15). Claimant then filed a complaint in this court seeking review of the now-final administrative decision.

## II. STANDARD OF REVIEW

The scope of judicial review of a final agency decision regarding disability benefits under the Social Security Act ("Act"), 42 U.S.C. § 301 *et seq.*, is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). While substantial evidence is not a "large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 565 (1988), it is "more than a mere scintilla . . . and somewhat less than a preponderance." *Laws*, 368 F.2d at 642. "In

reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996), *superseded by regulation on other grounds*, 20 C.F.R. § 416.927(d)(2)). Rather, in conducting the "substantial evidence" inquiry, the court's review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained his or her findings and rationale in crediting the evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997).

## III. DISABILITY EVALUATION PROCESS

The disability determination is based on a five-step sequential evaluation process as set forth in 20 C.F.R. § 404.1520 under which the ALJ is to evaluate a claim:

> The claimant (1) must not be engaged in "substantial gainful activity," i.e., currently working; and (2) must have a "severe" impairment that (3) meets or exceeds [in severity] the "listings" of specified impairments, or is otherwise incapacitating to the extent that the claimant does not possess the residual functional capacity to (4) perform . . . past work or (5) any other work.

*Albright v. Comm'r of the SSA*, 174 F.3d 473, 475 n.2 (4th Cir. 1999). "If an applicant's claim fails at any step of the process, the ALJ need not advance to the subsequent steps." *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995) (citation omitted). The burden of proof and production during the first four steps of the inquiry rests on the claimant. *Id.* At the fifth step, the burden shifts to the ALJ to show that other work exists in the national economy which the claimant can perform. *Id.*

When assessing the severity of mental impairments, the ALJ must do so in accordance with the "special technique" described in 20 C.F.R. § 404.1520a(b)–(c). This regulatory scheme identifies four broad functional areas in which the ALJ rates the degree of functional limitation resulting from a claimant's mental impairment(s): understanding, remembering, or applying

information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself. *Id.* § 404.1520a(c)(3). The ALJ is required to incorporate into his written decision pertinent findings and conclusions based on the "special technique." *Id.* § 404.1520a(e)(3).

## IV. ALJ'S FINDINGS

Applying the above-described sequential evaluation process, the ALJ found Claimant "not disabled" as defined in the Act. At step one, the ALJ found Claimant had not engaged in substantial gainful activity from the alleged onset date of November 15, 2015 through the date last insured of December 31, 2020. (R. 1321). Next, at step two, the ALJ determined Claimant had the severe impairments of degenerative disc disease; obesity; right leg osteochondroma, status-post open reduction internal fixation; somatoform disorder; adjustment disorder with depression and anxiety/major depressive disorder with anxious distress; chronic pain syndrome; and hypertension/leaky heart valve. *Id.* Claimant's medically determinable physical impairments of sleep apnea and gastroesophageal reflux disease were found to be not severe. (R. 1321–22). At step three, the ALJ concluded Claimant's impairments were not severe enough, either individually or in combination, to meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 1322–25). Applying the special technique prescribed by the regulations, the ALJ found that Claimant's mental impairments have resulted in a mild limitation in understanding, remembering, or applying information; and moderate limitations in concentrating, persisting, or maintaining pace; interacting with others; and adapting or managing oneself. (R. 1324–25).

Prior to proceeding to step four, the ALJ assessed Claimant's residual functional capacity

("RFC"), finding Claimant had the ability to perform light work[1] with the following limitations:

> the claimant can stand and walk for no more than 2 hours over the course of a typical 8 hour workday; frequently reach in all directions, push and pull, operate hand controls, and handle and finger with the upper extremities; occasionally push and pull, and operate foot controls with the lower extremities; occasionally climb ramps and stairs; cannot climb ladders, ropes, or scaffolds; occasional stooping, kneeling, crouching, and crawling; avoid concentrated exposure to workplace hazards, such as dangerous moving machinery and unprotected heights; he can understand and perform simple, routine, repetitive tasks; maintain concentration, persistence, and pace to stay on task for periods of 2 hours at a time over the span of a typical 8 hour workday with normal breaks; in a low stress work setting, which is further defined to mean a work setting that is not production-pace or quota-based; rather, he requires a goal-oriented job that primarily deals with things instead of people; no more than occasional social interaction with supervisors and co-workers as part of the job, but no work with the public as part of the job, such as sales or negotiation, which does not preclude incidental or casual contact with the public as it may arise, but no direct work with the public to any extent.

(R. 1325–36) (footnote omitted). In making this assessment, the ALJ found Claimant's statements concerning the intensity, persistence and limiting effects of his symptoms were not persuasive of disability based upon the medical and other evidence of record. (R. 1327–28). At step four, the ALJ concluded Claimant was unable to perform his past relevant work as a social services aide, sales clerk, store laborer, or stock control clerk. (R. 1336). Nonetheless, at step five, upon considering Claimant's age, education, work experience, and RFC, the ALJ determined there are jobs that exist in significant numbers in the national economy that Claimant can perform. (R. 1337–38).

---

[1] Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If an individual can perform light work, he or she can also perform sedentary work, unless there are additional limiting factors such as the loss of fine dexterity or the inability to sit for long periods of time. 20 C.F.R. § 404.1567(b).

## V. DISCUSSION

Claimant contends the ALJ erred in failing to address in the RFC Plaintiff's contested and relevant ability to sustain sitting and his need to lie down during the day to relieve chronic pain. Pl.'s Mem. [DE-14] at 5–12. Defendant contends the ALJ properly evaluated Claimant's ability to sit, the ALJ's reasoning was clear, and substantial evidence supports the ALJ's RFC assessment. Def.'s Mem. [DE-17] at 9–26.

"[T]he residual functional capacity 'assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions' listed in the regulations." *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (quoting S.S.R. 96-8p). The ALJ must provide "a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Id.* (quoting S.S.R. 96-8p). "Only after such a function-by-function analysis may an ALJ express RFC 'in terms of the exertional levels of work.'" *Monroe v. Colvin*, 826 F.3d 176, 179 (4th Cir. 2016) (quoting *Mascio*, 780 F.3d at 636); *see also Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000) (observing that the ALJ "must build an accurate and logical bridge from the evidence to his conclusion"). However, the Fourth Circuit has rejected "a per se rule requiring remand when the ALJ does not perform an explicit function-by-function analysis." *Mascio*, 780 F.3d at 636. Rather, the court explained that "[r]emand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Id.* (citation omitted). Therefore, despite an ALJ' s failure to conduct the function-by-function analysis, the court must look to the ALJ's RFC discussion to determine whether it otherwise provides a sufficient basis for meaningful

review. *See Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 388 (4th Cir. 2021) (holding that "the lack of a rule requiring remand does not mean that remand is never the appropriate outcome when an ALJ fails to engage in a function-by-function analysis" and finding that remand was appropriate when the claimant's ability to sit was a contested issue and the ALJ "barely mentioned [the claimant's] sitting problems in his decision").

Claimant testified at the January 24, 2024 administrative hearing that he experienced difficulty sitting for lengthy periods of time, he could not sit for more than 20 minutes without changing positions, he was constantly shifting positions or standing up to stretch out his back and lower body (he did so at the hearing), and he spends most of his time reclining or lying down. (R. 1354, 1356, 1365). Claimant's June 27, 2020 adult function report also states that he can only sit for short periods of time, 30–60 minutes, before needing to recline or lie down "for the vast majority of my time." (R. 235, 240). To treat his pain, Claimant underwent a secondary surgery on his right femur to remove a recurring tumor, which grew back again, and he is no longer a surgical candidate; he received steroid injections in his lower back and pelvis that were ineffective; and he uses pain medication, including Tramadol, Gabapentin, and Amitriptyline, with very little relief. (R. 1354–56). Claimant experiences constant pain that he rated between 4 and 6 out of 10, and his pain is exacerbated by any physical activity other than lying down or reclining. (R. 1362–63). The VE testified that needing to readjust positions more frequently than every 30 minutes, being off task for 10% or greater of the workday, or missing more than one day of work per month would be work preclusive. (R. 1371, 1373).

The ALJ recounted Claimant's testimony regarding his sitting restrictions, (R. 1327), but did not discuss this contested function in formulating the RFC. (R. 1325–36). The ALJ did discuss Claimant's history of pain related to his right femur and low back that was somewhat lessened but

not completely resolved by medication and injections. (R. 373, 396, 400–01, 403, 941); imaging evidence with positive findings ranging from mild or minimal to moderate, (R. 375–76, 482–83, 575, 586); physical examination results that at times showed deficits such as antalgic gait, restricted range of motion, and positive straight leg raise test but at other times were inconsistent or normal, (R. 313–15, 352–53, 403–08, 507–19, 691, 695–96, 938–39); and consideration of somatization as a psychological component of Claimant's pain due to examination findings at times being inconsistent with the distribution of symptoms, (R. 657–61, 772). (R. 1328–30, 1332). The ALJ also discussed the RFC opinions of the state agency medical consultants, who opined that Claimant could perform a light range of work, but found them partially persuasive and further limited the RFC to no more than 2 hours of walking, citing "chronic pain symptoms that appeared to be due to residual pain from osteochondroma excision surgery and degenerative changes of the lumbar spine that has been exacerbated by somatoform pain disorder" and that "for much of the adjudication period the claimant presented with an antalgic gait." (R. 1333). The ALJ also imposed more restrictive postural limitations, occasional as opposed to frequent, and precluded the climbing of ladders, ropes, or scaffolds. *Id.* Finally, the ALJ specifically addressed Claimant's allegation that he had difficulty walking due to pain and required a cane, but the ALJ found the record did not support a cane being consistently used, citing treatment notes from 2020 indicating his gait was normal and he ambulated without an assistive device. (R. 1333–34).

The ALJ's RFC limited Claimant to no more than 2 hours of standing or walking, which would generally require him to sit for up to six hours in an eight-hour workday, i.e., a sedentary level of standing, walking, and sitting. *See* S.S.R. 83-10, 1983 WL 31251, at *6 (Jan. 1, 1983). In doing so, the ALJ did not perform a function-by-function assessment of Claimant's relevant and contested ability to sit and failed to build a logical bridge between the evidence and the conclusion

that Claimant could sit for six hours in an eight-hour workday. The ALJ imposed significant restrictions on Claimant's ability to stand and walk on account of his pain but imposed no limit on his ability to sit despite his testimony that he was unable to sit for lengthy periods of time and had to constantly reposition due to pain. It is not apparent why the ALJ credited Claimant's statements regarding how his pain affected his ability to walk and stand but not his ability to sit. When the court cannot determine how the ALJ credited a claimant's statements regarding the severity and limitations from his impairments, remand in warranted. *See Mascio*, 780 F.3d at 640 (finding the ALJ's lack of explanation required remand where it was not apparent how he decided which statements to believe and which to discredit).

The Commissioner argues that the court can glean the ALJ's reasoning from the discussion of evidence in the RFC analysis, Def.'s Mem. [DE-17] at 9–19, but the court disagrees. The ALJ listed evidence that could weigh both for and against finding that Claimant can sit for six hours, but the ALJ must do more than simply list the evidence. "[A] proper RFC analysis" proceeds in the following order: "(1) evidence, (2) logical explanation, and (3) conclusion." *Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 388 (4th Cir. 2021) (quoting *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019)). There is no "logical explanation" for the ALJ's finding that Claimant can sit for six hours without any limitation for changing positions,[2] and "meaningful review is frustrated when an ALJ goes straight from listing evidence to stating a conclusion." *Thomas*, 916 F.3d at 311. Furthermore, it is the ALJ's role, not the court's, to resolve conflicts in the evidence and to explain how the evidence supports the conclusions. *See id.*; *Hancock v. Astrue*,

[2] The court notes that in the prior decision the ALJ limited Claimant to sedentary work and included a sit/stand option every 30 minutes, citing Claimant's back pain and failed surgeries regarding his right femur osteochondroma. (R. 15). Here, the ALJ questioned the VE about the impact of a sit/stand option on available jobs but did not discuss in the RFC analysis whether such a limitation was necessary despite Claimant's testimony regarding the need for frequent repositioning.

667 F.3d 470, 472 (4th Cir. 2012) ("In reviewing for substantial evidence, [the court does] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the ALJ.") (citation omitted). Here, the ALJ's failure to perform a function-by-function assessment of the relevant and contested function of Claimant's ability to sit was error warranting remand, where the court is unable to follow the ALJ's reasoning in finding Claimant can perform work requiring him to sit for up to six hours. *See Grayer v. Kijakazi*, No. 5:22-CV-149-RJ, 2023 WL 5846802, at *5 (E.D.N.C. Sept. 11, 2023) ("The ALJ's failure to perform a function-by-function assessment of the relevant and contested function of Claimant's ability to sit was error warranting remand, where the court is unable to follow the ALJ's reasoning in finding Claimant can perform sedentary work requiring her to sit for up to six hours.") (citing *Dowling*, 986 F.3d at 388; *Nicole C. v. Kijakazi*, No. 1:22-CV-02123-JMC, 2023 WL 4027481, at *5 (D. Md. June 15, 2023)). Accordingly, the matter is remanded for further consideration and explanation of the RFC finding regarding Claimant's ability to sit.

## VI. CONCLUSION

For the reasons stated above, the final decision of the Commissioner is reversed, and the matter is remanded, pursuant to sentence four of § 405(g), for further proceedings consistent with this order.

So ordered, this 21 day of September, 2026.

Robert B. Jones, Jr.
United States Magistrate Judge